IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JOE BRASFIELD, et al., on            )
Behalf of Themselves and All Other   )
Similarly Situated Employees         )
                                     )
     Plaintiffs,                     )
                                     )
vs.                                  )      No. 08-2092 MlV
                                     )
                                     )
SOURCE BROADBAND SERVICES, LLC,      )
and C-COR, INC.,                     )
                                     )
     Defendants.                     )

_____

ORDER DENYING C-COR, INC.'S MOTION FOR AWARD OF COSTS AND
ATTORNEY FEES

_____

Before the court is the September 10, 2008, motion of the defendant C-COR, Inc. ("C-COR"), requesting an award of the costs and attorney fees incurred in defending the claims of plaintiff Brandon White ("Brandon L. White") for overtime wages. As grounds for its request for fees and costs, C-COR asserts that because Brandon L. White has admitted he never worked for C-COR, his counsel violated 28 U.S.C. § 1927 by: (1) filing Brandon L. White's claims against C-COR without having made adequate factual inquiry into the basis for those claims; and (2) not discovering that Brandon L. White never worked for C-COR until six months after filing the complaint. The motion was referred to the United States Magistrate Judge for determination. The plaintiffs, Joe Brasfield, *et al.* ("Plaintiffs"), filed a response in opposition to the

motion, and C-COR filed a reply. For the reasons that follow, the court finds that the conduct of counsel for the Plaintiffs does not warrant an award of costs and attorney fees under 28 U.S.C. §1927. Accordingly, C-COR's motion for an award of costs and attorney fees is denied.

BACKGROUND

This is a class action lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"). On February 12, 2008, the Plaintiffs filed their complaint against both Source Broadband Services, LLC ("Source"), and C-COR (collectively the "Defendants") expressly stating that all the Plaintiffs, including Brandon White, were employed by the Defendants during the applicable statutory period. Attached to the complaint were consent forms signed by each of the Plaintiffs expressly stating that the signing individual consented to join the cause of action against both Source and C-COR as a plaintiff asserting claims for overtime pay. On Brandon White's consent form, his full name was listed as Brandon L. White, he signed his name as such, and stated that he worked as an installer.

The Plaintiffs filed a motion for conditional class certification on April 28, 2008. C-Cor filed a response in opposition to the motion on June 17, 2008, attaching a C-COR document entitled "Detail Payroll Register" for Brandon J. White. On July 3, 2008, the Plaintiffs served interrogatory requests on the Defendants. In response to the discovery requests, Source

provided a Source personnel file for Brandon L. White on August 6, 2008, and C-C-COR provided a copy of a C-COR personnel file for Brandon J. White on August 20, 2008 .

Counsel for the Plaintiffs attempted to contact the plaintiff, Brandon L. White, on more than a dozen occasions after the filing of the complaint, but he did not respond to these repeated attempts at contact until August 19, 2008. Upon reaching him, Plaintiffs' counsel informed him of his scheduled deposition on August 26, 2008, which was one of five depositions of different Plaintiffs scheduled for the week of August 25, 2008, but did not speak to him regarding the facts underlying his claims. On the morning of his deposition, Plaintiffs' counsel reviewed the personnel files Defendants had provided. Upon review, Plaintiffs' counsel noticed that the two separate personnel files provided by the Defendants for Brandon White listed different birth dates and social security numbers, in addition to listing different middle initials. As such, Plaintiffs' counsel immediately notified Defendants of this fact. This was the first time counsel for all parties realized that the plaintiff, Brandon L. White, had not worked for C-COR.

Subsequently, Plaintiffs' counsel contacted with C-COR to attempt to obtain its consent to file a joint motion to clarify the record regarding Brandon L. White. C-COR would not consent to join in such a motion, and the Plaintiffs therefore filed a motion to clarify the record with respect to plaintiff Brandon White on

3

September 3, 2008. Two days later, Defendants filed the instant motion seeking dismissal of Brandon White's claims with prejudice and an award of attorney fees and costs.

## ANALYSIS

C-COR seeks an award of attorney fees and costs it incurred in defending the overtime wages claims filed by Brandon L. White under 28 U.S.C. §1927. 28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Sixth Circuit applies an objective standard to determine whether sanctions are warranted under this provision, and thus a court need not find subjective bad faith on the part of the attorney. *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). Specifically, sanctions are appropriate where an attorney's conduct "falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the party." *In Re Reuben*, 825 F.2d 977, 984 (6th Cir. 1987). Where an attorney pursues a claim he knows or reasonably should know is frivolous, an award of attorney fees under this section is appropriate. *Salkil v. Mount Sterling Township Police Department*, 458 F.3d 520, 536 (6th Cir. 2006). However, failing to perform adequate inquiry into the basis for a

claim "does not automatically imply that the proceedings were intentionally or unreasonably multiplied," as actions of counsel which are merely inadvertent or negligent are not sufficient to warrant an award of sanctions under Section 1927. *Ridder v. City of Springfield,* 109 F.3d 288, 298(citations omitted).

C-COR asserts that Plaintiffs' counsel's act of filing a complaint against C-COR on behalf of Brandon L. White without conducting an sufficient inquiry into whether Brandon L. White actually worked at C-COR violated 28 U.S.C. §1927. Plaintiffs do not explain why Brandon L. White filed these claims against C-COR.[1] The court acknowledges that further inquiry of Brandon L. White by Plaintiffs' counsel before the filing of his claims against C-COR likely would have saved all parties and the court both time and expense. Under the reasoning of *Ridder*, however, merely establishing that Plaintiffs' counsel failed to undertake such an

---

[1] Rather, Plaintiffs insist that 28 U.S.C. § 1927 does not apply to the mere filing of the complaint because a party may only multiply proceedings after a complaint is filed, a theory adopted by the Ninth Circuit in *In Re Keegan*, 78 F.3d 431, 435 (9th Cir. 1995). This argument is unpersuasive, however, in light of the fact that it is well-established in the Sixth Circuit that an award of attorney fees and costs may be warranted under 28 U.S.C. § 1927 where the attorney pursues a claim he reasonably should know is frivolous. *Salkil v. Mount Sterling Township Police Department*, 458 F.3d 520, 536 (6th Cir. 2006) (stating "our precedent is not that a court is precluded from awarding attorney fees for the pursuit of a frivolous civil rights claim unless that pursuit is accompanied by *other* unreasonable and vexatious conduct"). Filing a complaint is certainly a manner of pursuing a claim.

5

inquiry does not establish that Plaintiffs' counsel acted intentionally or even recklessly. Moreover, C-COR has not presented any evidence that Plaintiffs' counsel had access to any source of information, other than Brandon L. White himself, that would have alerted them to the fact that Brandon L. White never worked for C-COR before filing these claims. Brandon L. White signed the consent form expressly stating that he consented to joining the action against C-COR as a plaintiff asserting claims for overtime pay. By signing this document, Brandon L. White represented not only to C-COR and the court, but to Plaintiffs' counsel, as well that he had claims against C-COR. Under these circumstances, the court cannot find that Plaintiffs' counsel's act of filing the lawsuit against C-COR on behalf of Brandon L. White was more than negligent or inadvertent, and therefore such conduct does not warrant a grant of sanctions under 28 U.S.C. §1927.

For the six months subsequent to the filing of the complaint during which time Plaintiffs' counsel did not determine that Brandon L. White never worked for C-COR, Plaintiffs' counsel repeatedly attempted to contact Brandon L. White, and he was unresponsive. Thus, Plaintiffs' counsel does not appear to have been even negligent or inadvertent in attempting to contact their client and should not be punished for his lack of response. The court recognizes, however, that C-COR provided Plaintiffs' counsel with documents showing that C-COR had employed an employee named

Brandon J. White, as opposed to Brandon L. White, as early as June 17, 2008, and again on August 20, 2008, while the actual discovery of the discrepancy was not made until August 26, 2008.  C-COR, who had been provided with the full name of Brandon L. White as a plaintiff on February 12, 2008, also apparently failed to recognize at that time and for the next six months that it had not employed a Brandon L. White but rather a Brandon J. White.  Indeed, C-COR was arguably in the best position to discover that C-COR did not ever employ Brandon L. White during discovery in this case.  Under these circumstances, the court does not find that Plaintiffs' counsel's failure to discover for six months after filing Brandon L. White's claims that C-COR had not employed Brandon L. White could be construed as rising above the level of mere negligence or inadvertence, and thus such conduct does not warrant sanctions under 28 U.S.C. §1927.

## CONCLUSION

For the reasons stated above, C-COR's motion for an award of attorney fees and costs under 28 U.S.C. §1927 is denied.

IT IS SO ORDERED this 8th day of October, 2008.

      s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE