```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

```
JOE BRASFIELD et al., on            )
behalf of themselves and            )
all other similarly situated        )
employees,                          )
                                    )
     Plaintiffs,                    )
                                    )
vs.                                 )  No. 2:08-cv-02092-JPM-cgc
                                    )
SOURCE BROADBAND SERVICES, LLC,     )
& C-COR, INC.,                      )
                                    )
     Defendants.                    )
```

**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are cross-motions for summary judgment. Plaintiffs filed a Motion for Partial Summary Judgment on June 1, 2010. (Docket Entry ("D.E.") 260.) Defendant Source Broadband Services, LLC ("Source Broadband") filed a response on July 1, 2010. (D.E. 274.) Source Broadband filed a Motion for Summary Judgment on June 1, 2010. (D.E. 261.) Plaintiffs responded in opposition on July 6, 2010. (D.E. 277.) The Court held a hearing on August 10, 2010. Present for Plaintiffs were Rachanna Srey, Esq. and William Ryan, Esq. Present for Source Broadband were David Prather, Esq. and Jameson Dylan King, Esq. For the following reasons, both summary judgment motions are DENIED.

1

**I. Background**

This matter is a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. In 2009, the Court conditionally certified a nationwide class pursuant to 28 U.S.C. § 216(b). (D.E. 133 & 151.) Plaintiffs are a group of current and former employees of Source Broadband, a company that "provides installation, maintenance, and technical services for the residential and commercial customers of digital network operators such as Time Warner Cable and Comcast." (Pls.' Statement of Undisputed Facts (D.E. 260-2) ¶ 2.) Plaintiffs worked as "cable installers," a position in which their "job duties consisted of installing, repairing, and servicing telephone, Internet, and cable equipment for customers of digital network operators." (Id. ¶¶ 5 & 6.)

Plaintiffs contend that Source Broadband violated the FLSA. In particular, Plaintiffs argue that Source Broadband's former compensation plan improperly treated piece-rate wages as overtime, with the result that Plaintiffs did not receive overtime to which they were entitled.[1] Further, Plaintiffs contend that Source Broadband improperly calculated their overtime wages. Plaintiffs seek back wages and an equal award of liquidated damages.

---

[1] The compensation plan at issue was in place from 2007 to early 2009, when Source Broadband replaced it with a new compensation system. Plaintiffs do not challenge the new system.

2

**II. Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly supported motion for summary judgment, the nonmoving party "must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). However, "'[t]he mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient.'" Street v. J.C. Bradford & Co., Inc., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

In considering cross-motions for summary judgment, the Court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the non-moving party." Beck v. City of Cleveland, 390 F.3d 912, 917 (6th Cir. 2004) (quoting Wiley v. United States, 20 F.3d 222, 224 (6th Cir. 1994)) (quotation marks omitted).

### III. Analysis

The parties each move for summary judgment on several grounds. Plaintiffs contend that Source Broadband's compensation plan violated the FLSA, that Source Broadband improperly calculated their overtime wages, and that Source Broadband willfully violated the FLSA and cannot establish the good-faith defense to liquidated damages. Source Broadband

4

argues that its compensation plan complied with the FLSA and that it properly calculated Plaintiffs' overtime wages.  The Court will address these contentions below.

### a. Whether Source Broadband's Compensation Plan Violated the FLSA

The Court will briefly describe Source Broadband's compensation plan as represented to the Court in the parties' summary judgment briefing and at the August 10, 2010 hearing.  Cable installers working for Source Broadband during the relevant time period were paid piece-rate, receiving a predetermined amount for each job they completed.  For example, an installer would earn $19 for installing a modem.  (See Def.'s Statement of Mat. Facts in Supp. of Def.'s Mot. for Partial Summ. J. ¶ 13.)  Installers worked on site, typically with little supervision.  They were required to record both their productive and nonproductive hours.  (See id. ¶¶ 10-11.)

The piece-rates were used to calculate the installers' weekly wages.  The parties disagree with regard to how such calculation occurred.  The Court will first describe Plaintiffs' characterization of the calculation.  According to Plaintiffs, all of the piece-rates for a week were added together, and then Source Broadband discounted that figure by 20%.  Some or all of this 20% value could be earned as an "efficiency premium."  Installers who completed all of their tasks in forty or fewer hours per week received the full 20% as an efficiency premium.

5

For installers who worked more than forty hours, they received some portion of this 20% as an efficiency premium according to a coefficient table. (See Pl.'s Mot. for Summ. J. Ex. 23 (D.E. 260-26) ("Efficiency Premium Table").) For instance, an installer who took fifty hours to complete his work would receive 54.65% of the 20% subtracted from his total piece-rate wages. (See id.) The percentage of the 20% that an installer earned as an efficiency premium would decrease as the installer's hours worked over forty increased.

Installers who worked more than forty hours per week earned overtime for such hours. An installer who worked more than forty hours in a week would earn less as an efficiency premium but more as overtime as his hours over forty increased. Plaintiffs submitted a demonstrative exhibit to illustrate this point. (See Pl.'s Mot. for Summ J. Ex. 24 (D.E. 260-27).) According to this exhibit, an installer who completed a certain set of tasks in forty hours would earn approximately the same amount as an installer who completed the same tasks in eighty hours. (See id.) The difference is that the faster worker would earn more as an efficiency premium, and the slower worker would earn more as overtime. Plaintiffs argue that this compensation system is unlawful because employees who were undisputedly working overtime earned essentially no more than employees who work forty hours per week.

6

Source Broadband describes the calculation differently.  At the hearing, Source Broadband contended that it is inaccurate to describe the 20% figure described above as a discount from the piece-rate wage.  Source Broadband argues that that 20% was not part of the piece-rate wage to begin with.  This produces a lower baseline than in Plaintiffs' description of the compensation plan, although the net amount the installer would receive would seem to be the same.  In this regard, the Court notes that at the hearing Source Broadband largely conceded the accuracy of the demonstrative exhibit.  Source Broadband argued that the exhibit is inaccurate only with regard to whether the 20% figure should be considered part of the piece-rate wage.  Source Broadband agreed that the exhibit's arithmetic is otherwise correct.

The Court finds that summary judgment on this issue is inappropriate.  A sufficient understanding of Source Broadband's compensation system is essential to determining whether it violated the FLSA.  There are several ambiguities and points of factual dispute with regard to the parties' respective descriptions of the compensation plan.  For instance, it is unclear whether the 20% value described represents a discount from the piece-rate wage.  The parties were unable to address certain ways in which the compensation plan operated, such as how the plan would treat an installer who worked efficiently

7

during the regular work week but then was called in for extra work that would bring his hours over forty for the week.  The parties' motions for summary judgment on this issue are DENIED.

### b. Whether Source Broadband Properly Calculated Plaintiffs' Overtime Wages

The parties also disagree with regard to whether Source Broadband properly calculated the Plaintiffs' overtime wages to the extent such wages were owed.  Piece-rate workers must be compensated for all working time, both productive and nonproductive, and must receive overtime for hours over forty worked per week.  See 29 C.F.R. § 778.318.  Generally, overtime must be calculated at one-and-a-half times the regular hourly wage.  29 U.S.C. § 201(a)(1).  The rule is different for piece-rate workers under some circumstances.  Under 29 C.F.R. § 778.111(a), a piece-worker may be paid "only additional half-time pay . . . where the employee has already received straight-time compensation at piece rates or by supplementary payments for all hours worked," including productive and nonproductive time.  Under 29 C.F.R. § 778.318(c), overtime may be calculated at one-half the regular rate if the employer and employee agree that the piece-rate will compensate the employee for all hours worked, including nonproductive hours.

Source Broadband paid Plaintiffs overtime at one-half their regular rate.  (Def.'s Statement of Mat. Facts in Supp. of Def.'s Mot. for Partial Summ. J. ¶ 17.)  The record is unclear

8

with regard to whether Plaintiffs "received straight-time compensation at piece rates or by supplementary payments for all hours worked" pursuant to § 778.111(a).  With regard to § 778.318(c), Source Broadband contends that the installers agreed that their piece-rate wages would cover all of their working hours, including nonproductive time such as driving to work sites.  See 29 C.F.R. § 778.318(a) (describing "time spent in travel on the employer's behalf" as nonproductive time).  Plaintiffs dispute whether there was such an agreement.  The deposition testimony is inconsistent on this point.  The Court cannot conclude that the material facts are undisputed.  The parties' motions for summary judgment on this issue are DENIED.

### c. Whether Source Broadband Willfully Violated the FLSA and Whether Source Broadband May Establish the Good Faith Exception to Liquidated Damages

Resolution of these issues is premature because there has been no finding that Source Broadband violated the FLSA.  Plaintiffs' motion for summary judgment is DENIED as to these issues.

## IV. Conclusion

For the foregoing reasons, the parties' cross-motions for summary judgment are DENIED.

IT IS SO ORDERED this 16th day of August, 2010.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE

9