IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOE BRASFIELD, KEDRIC ALLEN,
BRADY BELL, MATTHEW BLACKWELL,
DAVID DAVIS, ROBERT HADLEY, JR.,
JODY KREYER, MICHAEL MALLETT,
EDWARD MONROE, RONALD MONROE,
FABIAN MOORE, DANNY ODOM,
ROBERT SIMMONS, TODD WEBER,
BRANDON WHITE, TIMOTHY WILLIAMS,
on behalf of themselves and all other similarly
situated employees,

       **Plaintiffs,**

v.                No. 2:08-cv-02092-JPM-cgc

SOURCE BROADBAND SERVICES, LLC and
C-COR, Inc.,

       **Defendants.**

### REPORT AND RECOMMENDATION ON DEFENDANT SOURCE BROADBAND SERVICES LLC'S MOTION FOR ATTORNEY'S FEES AND COSTS

Before the Court is Defendant Source Broadband Services, LLC's ("SBS") Motion for Attorney's Fees and Costs associated with the failure of certain opt-in Plaintiffs to attend their noticed depositions. (Docket Entry, "D.E." #280, #281.) The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. (D.E. #289.) For the reasons set forth herein, the Court RECOMMENDS that SBS's Motion for Sanctions be GRANTED IN PART AND DENIED IN PART and that SBS be awarded reasonable attorneys' fees and costs in the amount of $2407.66.

1

**I. Introduction**

In the instant Fair Labor Standards Act ("FLSA") action, SBS noticed depositions of numerous opt-in Plaintiffs, including eight depositions in Houston, Texas, ten depositions in Cincinnati, Ohio, and eleven depositions in Dayton, Ohio. (D.E. # 281.) In each location, SBS scheduled the depositions over a two-day period. However, certain opt-in Plaintiffs did not appear for the noticed depositions, including three Plaintiffs in Houston, four Plaintiffs in Cincinnati, and five Plaintiffs in Dayton.

On April 16, 2010, SBS filed a Motion for Sanctions (D.E. #230), which it subsequently amended on May 10, 2010 (D.E. #246). In the Motion for Sanctions, SBS requested that this Court dismiss the opt-in Plaintiffs who failed to appear for their depositions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Furthermore, SBS requested that the Court award attorneys' fees and costs related to the Motion for Sanctions.

On May 20, 2010, the Magistrate Judge held a hearing on the Motion for Sanctions and recommended that the non-appearing Plaintiffs be required to appear for depositions by July 31, 2010. The Court further recommended that the non-appearing Plaintiffs be required to pay for the telephone and court-reporter costs for the re-noticed deposition. The Court instructed SBS to submit a statement of its attorney's fees and costs related to the Plaintiffs' non-appearances and advised that it would issue a subsequent recommendation on that issue. The District Court later adopted the Magistrate Judge's recommendations instructing the non-appearing Plaintiffs to appear and pay the court-reporter and telephone costs (D.E. #287).

On July 13, 2010, SBS submitted its Motion for Attorney's Fees and Costs (D.E. #280) and Memorandum in Support of its Motion for Attorney's Fees and Costs (D.E. #281). With respect to

the cost of the non-appearances, SBS stated that it was required to pay for a second day in each location when only one day would have been necessary to depose the opt-in Plaintiffs that actually appeared for their depositions. SBS states that it incurred $2480.00 in attorneys' fees and costs in each location for a total of $7440.00. However, instead of requesting an award of $7440.00, SBS asserts that a reasonable fee would be to consider the average amount of time for an opt-in Plaintiff's deposition and to multiply that time by the rate of the attorney's fee per hour. Thus, SBS states that the average opt-in Plaintiff deposition lasted 52.5 minutes, which it rounded down to fifty minutes, that there were ten non-appearing opt-in Plaintiffs, and that the attorney's rate was $310.00 per hour. Relying upon these estimates, SBS proposes a reasonable fee award of $2573.00 for the costs of the non-appearing opt-in Plaintiffs.

In addition to the costs incurred by the non-appearances, SBS further seeks that the Court award the attorneys' fees and costs associated with the Motion for Sanctions. Along with its Motion for Attorney's Fees and Costs, SBS submitted the Declaration of David A. Prather ("Prather Declaration") itemizing theses fees and costs. The Prather Declaration asserts that counsel for SBS spent 36.9 hours preparing the Motion for Sanctions, which resulted in SBS incurring $8397.50 in attorneys' fees. Prather Decl. at 3-5. Thus, in addition to the $2573.00 request for the attorney's fees and costs of the depositions, SBS requests a total award of $10,970.50 in attorneys' fees and costs.

On July 30, 2010, Plaintiffs responded to SBS's Memorandum in Support of its Motion for Attorney's Fees and Costs, which included the Declaration of Rachhana T. Srey. As to the costs of the depositions, Plaintiffs assert that, "[g]iven the various Plaintiffs' schedules and availability, two days were necessary in order to accommodate each Plaintiff." (Srey Decl. ¶ 6.) Plaintiffs further

3

explain that two opt-in Plaintiffs—Bolaji O'Gun-File and Joseph Tucker—notified SBS of their inability to attend in advance of the depositions. (Srey Decl. ¶¶ 7-8.) Finally, Plaintiffs argue that the Court has already required all non-attending Plaintiffs to appear for deposition by July 31, 2010 and bear the costs of the court reporter fees and telephone charges incurred for the re-noticed depositions. (August 2, 2010 Order Adopting Report and Recommendation at 1-2.)

As to the costs of SBS's Motion for Sanctions, Plaintiffs state that the Court did not grant the relief of dismissal sought by SBS in the motion. (Pl.s' Resp. at 5.) Thus, Plaintiffs argue that an award of attorneys' fees and costs for the Motion for Sanctions is inappropriate. Plaintiffs further assert that SBS should not have initially sought a sanction as drastic as dismissal and that "Plaintiffs should not be required to pay for the strategic decision that SBS made to use discovery as a tool to dismiss claims . . . ." (Pl.s' Resp. at 6.)

## II. Recommended Analysis

Under Rule 37 of the Federal Rules of Civil Procedure, the court where the action is pending may, on motion, order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(I). Sanctions may include any of the following: (1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; (2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; (3) "striking pleadings in whole or in part"; (4) "staying further proceedings until the order is obeyed"; (5) "dismissing the action or proceeding in whole or in part"; (6) "rendering a default judgment against the disobedient party"; or, (7) "treating as contempt of court the failure to obey any order . . . ." Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 37(d)(3).

While dismissal is one of the permissible sanctions under Rule 37, "[d]ismissal is the sanction of last resort" and "should be imposed only if the court concludes that a party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." Beil v. Lakewood Engineering & Mfg. Co., 15 F.3d 5546, 552 (6th Cir. 1994). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

As to the costs incurred by the failure to appear at the depositions, the Court RECOMMENDS that the opt-in Plaintiffs that failed to advise SBS in advance of their non-appearance should each be required to reimburse SBS for the cost of a fifty-minute deposition at the rate of $310.00 per hour. Specifically, the Court RECOMMENDS that each of these eight non-appearing Plaintiffs reimburse SBS in the amount of $258.33, for a total award of $2066.66 for the attorney's fees and costs of the non-appearances. However, the Court RECOMMENDS that opt-in Plaintiffs Bolaji O'Gun-File and Joseph Tucker not be required to pay this amount, as they advised SBS of their inability to attend the noticed depositions in advance and they have already been required to pay for the court-reporter and telephone costs of the re-noticed depositions.

As to the costs incurred by SBS in the Motion for Sanctions, the Court agrees with Plaintiffs that SBS was not granted the relief of dismissal that it sought in its motion. The Court further agrees with Plaintiffs that dismissal is a sanction of last resort and that Plaintiffs should not be required to bear the full expenses associated with SBS's proposal of such a harsh sanction when no request for any less drastic sanctions was made. Therefore, the Court RECOMMENDS that SBS be awarded

the costs of appearing before the Court on the Motion for Sanctions, as during this hearing the Court recommended more measured relief for Plaintiffs' failure to attend. Based upon SBS's Declaration of Paul Prather, SBS spent 1.1 hours at the rate of $310 per hour to "[a]ttend hearing on motion for sanctions and email correspondence with plaintiffs' attorney regarding proposed resolutions to motion for sanctions." Prather Decl. at 5. Accordingly, the Court RECOMMENDS that the District Court award costs for SBS's Motion for Sanctions in the amount of $341.00.

### III. Recommended Conclusion

For the reasons set forth herein, the Court RECOMMENDS that the eight opt-in Plaintiffs that did not provide prior notification of his or her inability to attend the noticed deposition should each be required to reimburse SBS in the amount of $258.33 per Plaintiff for a total of $2066.66. Additionally, the Court RECOMMENDS that SBS be awarded the appearance costs associated with its Motion for Sanctions in the amount of $341.00. In sum, the Court RECOMMENDS an award of $2407.66 to SBS.

**DATED** this 3rd day of November, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**